UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BERT YAKLIN, *et al*,  §<br>  §<br>   Plaintiffs, §<br>VS. § CIVIL ACTION NO. C-07-422<br>  §<br>W-H ENERGY SERVICES, INC., *et al*, §<br>  §<br>   Defendants. § | |

## ORDER

On this day came on to be considered, Defendants' Agreed Motion for Leave to File Agreed Overtime Pay to Plaintiffs and Attorneys' Fees and Settlement Agreement Under Seal (D.E. 95), Plaintiffs' Unopposed Motion to File Motion for Attorney Fees by Plaintiffs Under Seal (D.E. 133), and Defendants' Agreed Motion for Leave to File Settlement Agreement Under Seal (D.E. 135). For the reasons discussed below, all three motions are hereby DENIED.

"Courts have recognized that the public has a common law right to inspect and copy judicial records." SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); Belo Broadcasting Corp. v. Clark, 654 F.2d 423, 429 (5th Cir.1981)). "However, the public's common law right is not absolute." Van Waeyenberghe, 990 F.2d at 848 (citing Nixon, 435 U.S. at 598; Belo, 654 F.2d at 430). "'Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" Van Waeyenberghe, 990 F.2d at 848 (quoting Nixon, 435 U.S. at 598). "Thus, the common law merely establishes a presumption of public access to judicial records." Van Waeyenberghe, 990 F.2d at 848 (citing Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir.1988)). "Although the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of

judicial proceedings is to be exercised charily.'" Van Waeyenberghe, 990 F.2d at 848 (quoting Federal Savings & Loan Ins. Corp. v. Blain, 808 F.2d 395, 399 (5th Cir.1987)).

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." Van Waeyenberghe, 990 F.2d at 848 (citing Nixon, 435 U.S. at 599, 602 (court must consider "relevant facts and circumstances of the particular case"); Belo, 654 F.2d at 434; Bank of America Nat'l Trust v. Hotel Rittenhouse, 800 F.2d 339, 344 (3d Cir.1986) (court had duty to "balance the factors favoring secrecy against the common law presumption of access"); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir.1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.")). Where the judicial record at issue is a settlement agreement, settling Fair Labor Standards Act ("FLSA") claims, the public's interest in accessing the document often outweighs any interest in confidentiality. See Perry v. Nat'l City Bank, Case No. 05-cv-891-DRH, 2008 U.S. Dist. LEXIS 10990, at *3 (S.D. Ill. Feb. 14, 2008) ("Given the nature of the FLSA suit … the Court finds it important for the settlement to be made accessible to the public …"); Bartelloni v. Decastro, Case No. 05-80910-CIV-COHN, 2007 U.S. Dist. LEXIS 54100, at *4-5 (S.D. Fla. July 26, 2007) (citing Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003)) ("Absent an extraordinary reason, the sealing from public scrutiny of a settlement agreement in a FLSA case would thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger the national health and well-being. Accordingly, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement case unsealed and available for public review.") (internal quotation marks omitted); West v. First Franklin Fin. Corp., C.A. No. 06-2064-KHV, 2007 U.S. Dist. LEXIS 30963, at *3 (D. Kan. Apr. 25, 2007) (finding unpersuasive the parties' argument

that "the confidentiality of the awards is a material element of the [FLSA] settlement agreement.")  Because the parties have not provided the Court with an "extraordinary reason" why non-disclosure of the settlement agreements is necessary in this case, see Bartelloni, 2007 U.S. Dist. LEXIS 54100 at *4, the parties' motions to seal are hereby DENIED.

    SIGNED and ORDERED this 17th day of November, 2008.

                                                     Janis Graham Jack
                                                 United States District Judge